UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODNEY CARL WHEELER,

                Petitioner,

   v.

PAT GLEBE,

                Respondent.

No. C10-5915 BHS/KLS

ORDER DENYING MOTION FOR THE ISSUANCE OF SUBPOENA

Before the court is Petitioner's Motion for Issuance of Subpoena. ECF No. 11. Petitioner requests that the court issue a subpoena "to secure a witness to the Petitioner's case that can testify to evidence that is relevant and of constitutional magnitude to the Petitioner's case." *Id.* The court finds that the motion should be denied.

Petitioner filed his federal habeas petition on December 16, 2010. ECF No. 1. On February 17, 2011, Respondent filed a Response to the Petition and submitted the relevant state court record. ECF Nos. 9 and 10.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court's power to upset a state court's adjudication of a criminal case is very limited. A federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme

ORDER - 1

Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d).   A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Discovery in a federal habeas case is not permitted unless an evidentiary hearing is required and counsel is appointed.  *See*  Rule 8(c), 28 U.S.C. foll. § 2254.  If an evidentiary hearing is required, the Court may appoint counsel for a petitioner who qualifies under 18 U.S.C. § 3006(A)(g) and Rule 6(a) of the Rules Governing Section 2254 Cases (a party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.)  The court has made no determination that an evidentiary hearing his required.

In addition, Respondent has submitted the relevant state court record.  ECF No. 10. Except in limited circumstances, a district court does not make independent factual determinations.  *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir.  2004) (citing 28 U.S.C. § 2254(e); *United States ex rel. Green v. Greer*, 667 F.2d 585, 586 (7th Cir. 1981) (an examination of a record is not required if the petitioner fails to identify any incompleteness or inaccuracies in the facts before the district court.)   Under Rule 5, the determination of relevance is left to the discretion of the respondent. A demand for further documentation can only be executed by court order *sua sponte* or by request of the petitioner.  § 28 U.S.C.A. 2254, Rule 5, Advisory Committee Notes, 1976 Adoption.  Upon such a request the burden is placed on the petitioner to prove to the court that the excluded materials requested are relevant and necessary.  When a

ORDER - 2

dispute concerning relevance arises, the burden is on the petitioner to prove to the court that the excluded materials are necessary for the petition. *Richmond v. Ricketts*, 640 F.Supp. 767 (Ariz. 1986).

Petitioner does not specify whether the relevant state court record provided by Respondent is deficient or that it excluded materials that are relevant and necessary. If the Petitioner is alleging insufficiency of evidence to support factual findings, then 28 U.S.C. § 2254(f) provides that the burden shifts to Petitioner to produce *those parts of the record* pertinent to his claims. That subsection further states that if the Petitioner, because of indigency or other reason is unable to produce such part of the record, then the State shall do so and the court shall direct the State to do so by order directed to an appropriate State official. *Id*. The subsection further provides that if any of the pertinent record cannot be provided, the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination. *Id*.

Accordingly, it is **ORDERED** Petitioner's motion for issuance of a subpoena (ECF No. 11) is **DENIED**.

DATED this  16th  day of March, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3