UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODNEY CARL WHEELER,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>PAT GLEBE,<br><br>　　　　　　　　　　Respondent. | No. C10-5915 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  April 8, 2011** |

Petitioner Rodney Carl Wheeler seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Mr. Wheeler seeks to challenge his 2007 conviction for unlawful possession of methamphetamine with intent to deliver.  Upon review, it is the court's recommendation that Mr. Wheeler's petition be dismissed with prejudice as his claims are unexhausted and he is procedurally barred from filing a personal restraint petition in the Washington State courts because his claims are time-barred.

**INTRODUCTION**

By way of an *Alford* plea, Wheeler pleaded guilty to possession of methamphetamine with intent to deliver.  When he was arrested, he was with an employee of the Washington Attorney General's Office (AGO) who had become addicted to methamphetamine, thus the AGO requested the police reports from the county prosecutor's office to investigate the employee's

REPORT AND RECOMMENDATION - 1

involvement in the crime.  Mr. Wheeler claims that the county sent the police reports to the AGO without redacting his name and this violated the Washington Public Records Act and the Freedom of Information Act, and also the Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution.  Respondent argues that the claims raised by Mr. Wheeler are not habeas claims and that Mr. Wheeler failed to exhaust his claims in state court.

## BACKGROUND

**A.    Statement of Facts**

The facts of Mr. Wheeler's crime were summarized in the police report that formed the basis of his *Alford* plea:

> Deputy King received an illegal drug tip that there was illegal drug activity occurring at a trailer off Hyatt Road. The information stated that a subject named, "Rodney" lived in a trailer and had warrants.  The subject was dealing and manufacturing methamphetamine at or near the trailer.  We responded to the location and made contact with Rodney Wheeler and Lisa Shannon.  I explained to Rodney Wheeler that I received a drug tip reference his trailer.  He denied such activity was occurring and granted consent to search after I explained his Ferrier Rights.  We located the items listed in #6 and discovered that Rodney Wheeler was wanted by the Department of Corrections on their warrant for several parole violations.  Rodney Wheeler was turned over to CCO Carlson, who responded to the scene on took custody of him to be transported to WCC.  Lisa Shannon also had controlled substances in her possession and was booked into our jail on illegal drug charges.

ECF No. 10, Exh. 3 (at attached Exhibit 3).

**B.    Procedural History**

After Mr. Wheeler was convicted based on an *Alford* plea, he filed a personal restraint petition pro se with the Washington Court of Appeals, in which he raised the following grounds for relief:

> 1)    Petitioner is asking for dismissal of Cause #07-1-00201-8 to which unlawful possession of a controlled substance, Methamphetamine with intent to deliver.  By reason of the prosecutor's office willfully released to

REPORT AND RECOMMENDATION - 2

>    the Attorney General Office copies of the Incident Report, Field
>    Investigation, Report, Evidence/Property Form, Evidence/Property
>    Continuation Form, Evidence Office Cash Receipt Form, Supplementary
>    Report.  These are all Thurston County Sheriff Forms.  Case #07-055-01
>    released prior to any trial or conviction.  Reports with petitioner's personal
>    information.  Petitioner feels this is a violation of his civil rights.
>
>    2)    There is in question how much cash was taken in the arrest.

ECF No. 10, Exh. 3.

In its Order Dismissing Petition, the Washington Court of Appeals stated:

>    Rodney Wheeler seeks relief from personal restraint imposed after his
>    2007 plea of guilty to unlawful possession of methamphetamine with intent to
>    deliver.  First, he feels that his civil rights were violated when the prosecutor's
>    office provided its records to the Department of Corrections for use in revoking
>    the DOSA sentence he was serving.  While he may feel that such disclosure
>    violated his civil rights, it did not.  He had no privacy interest in the prosecutor's
>    file.  Second, he points to minor discrepancies in the reports of the amount of
>    money seized at the time of his arrest, but he does not show how those
>    discrepancies could have affected his decision to plead guilty.

ECF No. 10, Exh. 4.

Mr. Wheeler moved for discretionary review in the Washington Supreme Court.  *Id.*, Exh. 5.  In that motion, Mr. Wheeler claimed that the release of his personal information and the question as to the amount of money taken constituted a violation of his civil rights and slander.  *Id.*

The Supreme Court denied review, stating:

>    Mr. Wheeler contends that his convictions should be reversed because the
>    prosecutor's office released information in its files about him to the Department
>    of Corrections for use in his DOSA revocation proceeding, and because of alleged
>    discrepancies in the reports on the amount of money seized when he was arrested.
>    The acting chief judge properly concluded that Mr. Wheeler's bald and
>    conclusory assertions do not demonstrate unlawful restraint under RAP 16(c).  *In
>    re Pers. Restraint of Rice,* 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).  He had no
>    discernable privacy interest in the prosecutor's file, and he fails to show how any
>    allege discrepancies in police records affected his decision to plead guilty or the
>    revocation of his DOSA sentence.

REPORT AND RECOMMENDATION - 3

ECF No. 10, Exh. 7.

Mr. Wheeler moved to modify the ruling. *Id.*, Exh. 8. The court denied the motion without comment on October 5, 2010. *Id.*, Exh. 9. The Washington Court of Appeals issued its certificate of finality on December 17, 2010. *Id.*, Exh. 10.

## ISSUES PRESENTED

Mr. Wheeler presents two issues for review in his federal habeas petition, summarized as follows:

1) The unredacted disclosure of Petitioner's information during an investigation involving Lisa Marie Shannon, who was an employee of the Attorney General's Office, violated Petitioner's Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution.

2) The unredacted disclosure of Petitioner's information during an investigation involving Lisa Marie Shannon, who was an employee of the Attorney General's Office, violated the provisions of Washington's Public Disclosure Act (RCW 42.56) and the Freedom of Information Act (5 U.S.C. § 552a).

ECF No. 1, pp. 5, 7.

In his reply, Mr. Wheeler states that prior to presenting the above issues to the Washington appellate courts, he initially filed a motion for collateral attack raising these issues in Thurston County Superior Court. When the trial court failed to act on his motion, Mr. Wheeler then filed his personal restraint petition in the Washington Court of Appeal. ECF No. 14. Mr. Wheeler now claims that his "constitutional rights" were violated when the Thurston County Superior Court failed to adjudicate his motion for collateral review and his counsel was ineffective in failing to ensure that the motion for collateral review was presented to the Thurston County Superior Court. However, whether the Thurston County Superior Court or Mr.

Wheeler's counsel should have pursued the motion for collateral review is not at issue in this federal habeas proceeding and will not be addressed.

### EVIDENTIARY HEARING

State court findings are presumptively correct in federal habeas proceedings, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933 (2007). Because the deferential standards prescribed by §2254 of the Antiterrorism and Effective Death Penalty Act (AEDPA) control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. *Id.* If the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.*

Moreover, an evidentiary hearing is not required where the petition raises questions of law only or where the issues may be resolved on the basis of the state court record. *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). The petitioner must demonstrate that an evidentiary hearing would materially advance his claims and explain why the record before the court, or an expanded record, is inadequate for review. *Totten*, 137 F.3d at 1176-77; *see also* Rule 8 of the Rules Governing Section 2254 Cases.

If the petitioner failed to develop the factual basis for a claim in state court, § 2254(e)(2) bars an evidentiary hearing unless two prerequisites exist. First, the facts underlying the claim must establish by clear and convincing evidence that but for constitutional error, no reasonable

REPORT AND RECOMMENDATION - 5

fact finder would have found the applicant guilty. 28 U.S.C. § 2254(e)(2). Second, either (a) the claim relies on a new rule of constitutional law that the Supreme Court has made retroactive and that was not previously available, or (b) the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence. *Id.*

Section 2254(e)(2) applies only where the failure to develop a claim is due to fault or a lack of diligence on the part of the prisoner or his counsel. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Even if § 2254(e)(2) allows the petitioner's claim, "that does not mean he *is* entitled to an evidentiary hearing -- only that he *may* be. Consistent with AEDPA's goal of streamlining the habeas process, § 2254(e)(2) specifies the situations where evidentiary hearings are *allowed*, not where they are *required*." *McDonald v. Johnson*, 139 F.3d 1056, 1059-60 (5th Cir. 1998) (emphasis in original).

Mr. Wheeler's federal habeas claims raise questions of law only and may be resolved by a review of the existing record. Therefore, no evidentiary hearing is required.

## STANDARD OF REVIEW

This court's review of the merits of Mr. Wheeler's claims is governed by 28 U.S.C. §2254(d)(1). Under that standard, the court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his ground was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(c) and (d)(1). The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law." *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), overruled in part on other grounds by *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). A determination of

REPORT AND RECOMMENDATION - 6

a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

The court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; see also *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). In addition, for federal habeas corpus relief to be granted, the constitutional error must have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted).

## DISCUSSION

### A.     Exhaustion of State Court Remedies

Section 2254(b)(1) provides that a habeas petition must be denied if the petitioner failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

A petitioner must exhaust state remedies before seeking a federal writ of habeas corpus. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The petitioner must give the state court a fair opportunity to correct the alleged violation of federal rights. *Duncan*, 513 U.S. at 365. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29. The petitioner must "fairly" present the claim to the state's highest court so as to give the state court a fair opportunity to apply federal law to the facts. *Picard*, 404 U.S. at 276-78; *O'Sullivan*

REPORT AND RECOMMENDATION - 7

*v. Boerckel*, 526 U.S. 838 (1999).  The petitioner bears the burden to prove that a claim is properly exhausted.  *Lambrix v. Singletary*, 520 U.S. 518, 523-24 (1997).

Petitioners must alert state courts "to the fact that the prisoners are asserting claims under the United States Constitution."  *Duncan*, 513 U.S. at 365-66.  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  Vague references to broad constitutional principles such as due process, equal protection, or the right to a fair trial are not sufficient.  *Id.*; *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999); *Peterson v. Lampert*, 319 F.3d 1153 (9th Cir. 2003) (en banc).  Presenting a state law claim does not fairly present a federal claim to the state courts, even if the legal theory underlying the state law claim is the "same" or "similar" to a claim under federal law.  *Duncan*, 513 U.S. at 365-66; *Hiivala*, 195 F.3d at 1106-07; *Casey v. Moore,* 386 F.3d 896, 911-14 (9th Cir. 2004).

State courts are not required to comb the record in order to discover the federal nature of the prisoner's claim; the federal claim must be contained within the four corners of the prisoner's state court brief or petition.  *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004).   Additionally, both federal and state briefing rules forbid the practice of incorporation by reference.  *See* Fed. R. App. P. 28-1(b); *Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000); *Saldin Sec., Inc. v. Snohomish County*, 134 Wn.2d 288, 949 P.2d 370, 375 n.4 (1998) (Supreme Court will not review incorporated arguments from Court of Appeals briefing).   The prisoner cannot simply provide the state court with conclusory, scattershot citations to federal constitutional provisions without relating them to his federal claim.  "Exhaustion demands more than drive-by citation,

REPORT AND RECOMMENDATION - 8

detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 370 F.3d 882, 890 (9th Cir. 2004).

Mr. Wheeler raised claims in his personal restraint petition that are similar to those raised here. However, at both the Washington Court of Appeals and Washington Supreme Court, he raised the issues solely as issues of state law. He cited no federal constitutional provisions or case law. Neither of the state appellate courts were given a full and fair opportunity to resolve his claims as "federal constitutional claims" before they were presented here. Mr. Wheeler failed to properly exhaust his federal habeas claims because he failed to raise them in his state court briefing as violations of federal law. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. at 842 ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

In addition, because of the state statute of limitations and the state rule prohibiting successive petitions, Mr. Wheeler is now procedurally barred from exhausting his federal claims in state court. *See* RCW 10.73.090, RCW 10.73.140 and RAP 16.4(d).

**B.     Procedural Bar**

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a habeas proceeding. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993); *Shumway v. Payne*, 223 F.3d 982 (9th Cir. 2000). A claim is also barred, despite the absence of a "plain statement" by the state court, where the petitioner failed to present the claim to the state court, and the state

REPORT AND RECOMMENDATION - 9

courts would now find the claim to be barred under state law if the petitioner attempted to now exhaust the claim. *Coleman*, 501 U.S. at 735 n.1; *Noltie*, 9 F.3d at 805.

Under Washington law, a defendant may not collaterally challenge a conviction more than one year after the conviction becomes final. RCW 10.73.090(1). Mr. Wheeler's conviction became final for purposes of state law on November 15, 2007, the date that it was filed with the clerk of the trial court. RCW 10.73.090(3). Because more than one year has passed since his conviction became final, his claims are now time-barred in state court.

Washington law also prohibits the filing of successive collateral challenges. RCW 10.73.140; RAP 16.4(d). Because he previously filed a personal restraint petition, Mr. Wheeler is barred from filing another collateral challenge absent a showing of good cause.

Because his claims are procedurally barred under Washington law, the claims are not cognizable in a federal habeas corpus petition absent a showing of cause and prejudice or actual innocence.

**C.    Cause and Prejudice or Actual Innocence**

Unless it would result in a "fundamental miscarriage of justice", a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. at 750. The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. "The fact that [a petitioner] did not present an available claim or that he chose to pursue other claims does not establish cause." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996). Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, allegations of

REPORT AND RECOMMENDATION - 10

ineffective assistance of counsel in post-conviction collateral proceedings do not excuse a procedural default.  *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987); *Ortiz v. Stewart*, 149 F.3d 923 (9th Cir. 1998); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Gallego v. McDaniel*, 124 F.3d 1065, 1078 (9th Cir. 1997); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996).  Even a petitioner's own inadequacies do not excuse a procedural default.  *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).  In order for an allegation to constitute cause to excuse a procedural default, the petitioner must exhaust the allegation in state court.  *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000); *Bonin v. Calderon*, 77 F.3d 1155, 1159 (9th Cir. 1996).

   Mr. Wheeler fails to show cause and prejudice.  Although he raised similar claims before the Washington courts, he did not choose to raise them as federal constitutional violations.  His decision to do so does not demonstrate cause to excuse his procedural default.

   There has also been no showing of actual innocence to excuse the procedural default.  "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."  *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).  "To meet this manifest injustice exception, [the petitioner] must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'"  *Wood*, 130 F.3d at 379 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327.  The exception is narrow in scope, and is reserved for the extraordinary case.  *Calderon v. Thompson*,

REPORT AND RECOMMENDATION - 11

523 U.S. 538, 559 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992)); *see also Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996). "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup*, 513 U.S. at 324. "[I]n virtually every case, the allegation of actual innocence has been summarily rejected." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324).

Mr. Wheeler claims legal error in his judgment and sentence. He does not contest his factual guilt and presents no evidence showing he is actually innocent of the crimes.

Mr. Wheeler did not properly exhaust his federal habeas claims, and the claims are now procedurally barred under an independent and adequate state law. The claims are not cognizable in federal court because Mr. Wheeler cannot show cause and prejudice, or actual innocence, to excuse his procedural default.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

REPORT AND RECOMMENDATION - 12

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 120 S.Ct. 1595, 1604 (2000)

There is nothing in the record to support a conclusion that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Mr. Wheeler's habeas claims were unexhausted in state court and he is now barred from collaterally challenging his conviction in state court.

**CONCLUSION**

Mr. Wheeler failed to properly exhaust his claims because he failed to fairly present the claims to the Washington Supreme Court. He is now procedurally barred from presenting these claims in state court because they are time-barred. Because the claims are unexhausted and procedurally barred and Mr. Wheeler has made no showing of cause and prejudice or actual innocence, the petition should be **Denied and Dismissed With Prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 8, 2011**, as noted in the caption.

DATED this  17th   day of March, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13